STATE, EX REL. CHARLES T. COWENHOVEN, v. COLLECTOR
OF MIDDLESEX COUNTY.

The duties of clerks, surrogates and collectors of counties, enjoined by the act of April 2d, 1873, (*Rev.*, *p.* 1380,) with reference to the per diem allowance of judges of the Courts of Common Pleas, relate to the payment of such compensation, term by term, in the usual course of business, and are not applicable to a claim presented several years after the services of the judge were rendered.

---

On application for *mandamus*.

Argued at November Term, 1880, before Justices DIXON and PARKER.

For the relator, *W. Strong.*

For the defendant, *A. V. Schenck.*

The opinion of the court was delivered by

DIXON, J.     The relator was the presiding judge of the Court of Common Pleas of Middlesex county from April 1st, 1869, to April 1st, 1874, appointed under the act to facilitate judicial proceedings in Middlesex county.     *Pamph. L.* 1869, *p.* 105.     In accordance with that statute he drew an annual salary of $1600, in quarter-yearly payments, during his term, but made no claim for further compensation.   In April, 1880, he procured from the clerk and surrogate of the county a certificate to the effect that between April 15th, 1873, and March 30th, 1874, he had attended in the discharge of his duties at stated or special terms of his courts, one hundred and seventeen days, for which there was due him a per diem allowance of $585; and he presented this certificate to the county collector, demanding payment under the act of April 2d, 1873. *Rev.*, *p.* 1380.   The collector refused to pay, and now the relator sues for a *mandamus* to compel payment.

According to the construction put upon the pertinent statutes by this court ·in *Strong* v. *Collector*, 12 *Vroom* 232, there can be no doubt that the relator was entitled to the compensation which he now seeks.   It is also clear that the duty imposed upon the collector by the act of April 2d, 1873, is such that, in a proper case, the court would enjoin its performance by *mandamus.*   The act requires him to pay, upon the mere certificate of the clerk and surrogate.   This duty is ministerial, precise, and expressly commanded by statute as pertaining to his public office, and there is no other means of enforcing it than by this writ.   In such cases *mandamus* is always awarded in favor of one who has a legal right to insist that the duty shall be done.

But are the present circumstances those to which the provisions of this law are applicable? Do these provisions make it the duty of the collector to pay upon a certificate, whenever made and whenever presented? It seems to us, not. The apparent design of the statute was to facilitate the regular course of the business of the county in the payment of the current compensation of the judges. The rate of this compensation was fixed by express enactment; the service for which it was awarded was publicly rendered, and the number of days on which it was performed was actually known or easily ascertainable by the clerks of the courts in which the judges sat. The certificates of these clerks, promptly made, would therefore be almost indubitably accurate, and to payment thereupon, when promptly demanded, there could scarcely, by possibility, be any defence. Consequently the law made such a certificate sufficient warrant to the collector for such a payment.

The language of the statute does not expressly declare, but we think it fairly implies, that the certificates should be made term by term. Its words are "that the judges, &c., shall each receive a per diem allowance of $5 for every day they shall actually attend in the discharge of their duties at any stated or special term of their courts.   *   *   *   Which allowance the collector of the county is hereby authorized and required to pay upon, a certificate of the clerk and surrogate of the county of the number of days they shall so attend and the amount due for such allowance." There is here nothing to fix the periods when it becomes the duty of the clerk and surrogate to certify and of the collector to pay, except the expression "at any stated or special term." The judge is not entitled to a daily certificate, for the certificate spoken of is to specify the "number of days." No quarterly or annual payment is referred to, nor is it intimated that payment should be deferred until the judge's incumbency expires. It seems most accordant with the words that the certificates should be made for each term. Such too, we think, is the general practice throughout the state. And it is the convenient procedure.

The boards of chosen freeholders annually levy taxes to meet the county expenses for each current year, and it is to be presumed that the collector constantly has in hand money sufficient for that purpose; to draw from him these expenses as they accrue is in harmony with the arrangements made; no disorder is occasioned.

But the act which the relator now seeks to have commanded is of a very different character. It is quite outside of the usual course of public business. The certificate produced states the number of days of the relator's attendance, not in any specified term of his courts, but through almost a year; it was issued more than six years after the last service was rendered; it is signed by officers who could not have been in office, at least under their present terms, while the relator's services were being performed; and the collector must make payment, if at all, out of moneys presumably appropriated to other uses. These circumstances, we think, place the relator's claim beyond the range of the summary remedy given by this statute.

We do not decide that the demand is outlawed; there is strength in the position, so well defended on the argument, that the statute of limitations does not apply to it; but, the clerk, the surrogate and the collector are only ministerial agents, authorized by this law to certify and pay merely indisputable claims, and when a claim so old that its age is suggestive of infirmity, is presented to them, they are entitled—are they not obliged?—to require that its validity shall be established against their principal, the county.

We think it would be straining the provisions of this statute and extending too broadly the quasi-judicial functions of ministerial officers, to hold that it was the imperative duty of the collector to pay this claim.

These objections do not appear to have been presented in the case of *Strong* v. *Collector*.

The *mandamus* is refused, with costs.